NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YUNITA THERESIA LIANA LIE, | No. 15-73781 |
| Petitioner, | Agency No. A089-880-599 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2022[**]
Pasadena, California

Before: BRESS and BUMATAY, Circuit Judges, and GLEASON,[***] District
Judge.

Yunita Lie, a citizen of Indonesia, petitions for review of a Board of

Immigration Appeals (BIA) decision dismissing her appeal of an Immigration Judge

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sharon L. Gleason, United States District Judge for
the District of Alaska, sitting by designation.

(IJ) order denying her claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We review for substantial evidence and may grant relief only if the record compels a contrary conclusion. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

1.      To obtain withholding of removal, Lie must establish a clear probability of future persecution on account of a protected ground. *See Zi Lin Chen v. Ashcroft*, 362 F.3d 611, 617 (9th Cir. 2004); 8 C.F.R. § 208.16(b)(2). The record does not compel the conclusion that Lie made this showing.

The BIA reasonably determined that the harm Lie experienced in Indonesia did not rise to the level of past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("Persecution . . . is an extreme concept that does not include every sort of treatment our society regards as offensive." (quotations omitted)); *see also Sharma v. Garland*, 9 F.4th 1052, 1060–63 (9th Cir. 2021) (identifying factors considered in analyzing past persecution). Here, Lie was not physically harmed, most of the events occurred decades earlier when she was a child, and a later robbery reflected a criminal rather than persecutory act. The BIA could conclude these allegations of past persecution are insufficient. *See Sharma*, 9 F.4th at 1063 (noting

---

[1] Lie does not challenge the BIA's determination that her asylum claim was untimely. She has thus forfeited any challenge to the denial of asylum. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

2

that key factors for establishing past persecution include "physical violence and resulting serious injuries, frequency of harm, specific threats combined with confrontation, length and quality of detention, harm to family and close friends, economic deprivation, and general societal turmoil").

The BIA also reasonably determined that Lie had not demonstrated an individualized risk of persecution on account of being Chinese and Catholic distinct from her membership in these disfavored groups. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (requiring a "unique risk of persecution" that is "distinct from the petitioner's mere membership in a disfavored group") (quoting *Lolong v. Gonzales*, 484 F.3d 1173, 1180 n.5 (9th Cir. 2007)). The BIA could reasonably conclude that Lie had not presented evidence that would support this showing, especially considering the lack of any past physical harm and the fact that her family still resides in Indonesia.

2.    Lie also argues that the agency violated her due process rights by "cherry picking positive statements in the record, while excluding evidence of violence against Christians." To establish a due process violation, Lie must show both that the proceeding was "so fundamentally unfair that [she] was prevented from reasonably presenting [her] case" and prejudice, "which means that the outcome of the proceeding may have been affected by the alleged violation." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). Lie has not made this showing. There is no

3

indication that the BIA failed to consider Lie's arguments, and the BIA was not required to address in writing every piece of evidence Lie submitted. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014).

3.  To obtain CAT relief, Lie must show that government officials or private actors with government consent would more likely than not torture her if she is returned to Indonesia. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014); 8 C.F.R. § 1208.16(c)(2). The record does not compel the conclusion that Lie made this showing. Lie has not demonstrated past torture, and the record does not require the conclusion that Lie would be tortured with the participation or consent of the Indonesian government. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009).

**PETITION DENIED.**